945 F.2d 399
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Glenda M. WHITE, Plaintiff-Appellant,
v.
Louis W. SULLIVAN, Secretary of Health and Human Services,
Defendant-Appellee.
 No. 90-2727.
 United States Court of Appeals, Fourth Circuit.
 Argued July 8, 1991.
Decided Oct. 1, 1991.
 
 Appeal from the United States District Court for the Northern District of West Virginia, at Elkins. William M. Kidd, Senior District Judge. (CA-86-21-E-K)
 Argued: Montie VanNostrand, Webster Springs, W.Va., for appellant; Margaret J. Krecke, Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., for appellee;
 On Brief: Eileen Bradley, Chief Counsel, Region III, William B. Reeser, Supervisory Assistant Regional Counsel, Office of the General Counsel, Department of Health and Human Services, Philadelphia, Pa., William A. Kolibash, United States Attorney, Lisa A. Grimes, Assistant United States Attorney, Wheeling, W.Va., for appellee.
 N.D.W.Va. [APPEAL AFTER REMAND FROM 825 F.2D 409].
 AFFIRMED.
 Before WILKINSON, WILKINS and NIEMEYER, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 We are required to decide in this appeal whether the district court abused its discretion when, under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), it refused to award a social security claimant attorney's fees and costs on the ground that the government's denial of social security disability and supplemental income benefits was substantially justified. For the reasons that follow, we conclude that the district court did not abuse its discretion and therefore affirm.
 
 
 2
 Glenda White's claims for social security disability insurance benefits and supplemental security income benefits filed after she suffered a heart attack were denied by the Secretary, and affirmed by the district court, primarily because White's treating physician in West Virginia, Dr. Mark J. Kimak, concluded that White could do sedentary work involving sitting and walking. On review of that decision, we remanded the case to the district court because the ALJ's decision did not adequately explain the "obviously complex issue" of whether her cardiac impairment was the equivalent of an appendix 1 listing and did not take into account a letter that had subsequently become available from White's treating physician in Ohio, Dr. Christopher Magiera, who concluded that White was totally disabled and unable to do even sedentary work. White v. Bowen, No. 87-3526, slip op. at 2-3 (4th Cir. July 16, 1987). We stated, "The content of the letter, and the logistical problems created by Claimant's moves [from Ohio to West Virginia], satisfy the standard for remand...." Id. slip op. at 3. On remand, White was awarded benefits.
 
 
 3
 White now seeks attorney's fees and costs under the EAJA on the ground that the Secretary's position in denying benefits was not substantially justified. See 28 U.S.C. § 2412(d)(1)(A) (court to award fees and expenses to prevailing party unless it finds "that the position of the United States was substantially justified or that special circumstances make an award unjust"). The district court, in denying the fees and costs, applied the correct standard. As required in Pierce v. Underwood, 487 U.S. 552, 565 (1988), it determined whether the Secretary's position has a reasonable basis both in law and fact. Our review is not to decide whether we agree, but only to decide whether the district court abused its discretion. Pierce, 487 U.S. at 557-563.
 
 
 4
 The case presented to the district court, with its fuller articulation of the facts and law than provided here, was close on the issue of whether the Secretary's denial was substantially justified. Nonetheless, in light of the evidence available to the Secretary (which did not include Dr. Magiera's letter) when he decided to deny benefits, the district court could permissibly find the Secretary's position reasonable. We cannot conclude that the discretion given to the district court on this issue was abused, and therefore we affirm.
 
 
 5
 AFFIRMED.